## The Purington Paving Brick Company, Appellant, v. W. H. Jenkins et al., Appellees.

CONTRACTS—*what does not create implied promise to pay in excess of contract price.* If deliveries of brick are made pursuant to a written contract, no implied promise is created requiring the payment of a price in excess of that fixed in the contract by the vendor giving notice that the price of future deliveries of brick would be advanced.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 11, 1911.

TERRY & GUELTIG, for appellant.

KRAMER, KRAMER & CAMPBELL, for appellees.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

Appellant sued to recover a balance of $1,050 claimed to be due under a contract to furnish appellees with paving brick. A jury was waived and the court found the issues and rendered a judgment for appellees.

Appellees in the summer of 1908 were awarded a contract to construct some paving by the city of Murphysboro. To complete the work it was estimated that it would require eight hundred and sixty-four thousand paving bricks. Appellant was engaged in the business of manufacturing bricks at Falesburg and by writing dated July 21 of that year the parties entered into the following agreement:

"Agreement entered into July 21, 1908, between the Purington Paving Brick Company of the first part and Jenkins and Hill of Murphysboro, Illinois, party of the second part: Witnesseth: That the Purington Paving Brick Co. party of the first part agrees to furnish to Jenkins & Hill party of the second part

846,000 No. 1 repressed block brick suitable for paving purposes. And the party of the second part agrees to pay to the party of the first part for all brick shipped under this contract at the rate of $20.46 per thousand, F. O. B. car tracks at Murphysboro, Illinois. (Here follows provisions that are immaterial in this controversy.) The party of the first part agrees to begin shipping of ·brick to the party of the second part when ordered, and continue the shipment as fast as possible until the entire shipment has been made unless prevented by labor troubles, fire, lack of cars, or other unavoidable cause.

"It is also agreed that the party of the first part guarantee that 43 will lay a square yard of pavement, and in no case is the total yardage to be used as a basis of settlement as the brick are sold at the above price per thousand."

The above agreement was prepared by appellant, signed by it and forwarded in duplicate to appellees for signature with a request to sign and return. Appellees signed and returned the agreement on September 6, and on September 8 appellant acknowledged the receipt of it. On that day appellant in response to a telegram to rush forward one hundred and fifty thousand bricks notified appellees it would be impossible to ship blocks before October 1.

On October 6 after appellees had during the month of September been urging the shipment of bricks, appellant wrote asking appellees if they could use any other blocks at Murphysboro provided it could purchase them saying "the only way to help you out is by buying from some of our competitors" and if there was any chance to use some other make to wire it as it knew where it could buy about three hundred thousand. On October 7 appellees replied if appellant would guarantee the blocks equal to Purington to rush the shipment, and also sent a letter of the same purport. October 12, appellant advised appellees it had ordered the brick and offered in evidence a letter dated October 16, in which appellant wrote appellees

that the contract provided for No. 1 blocks at $20.46 per thousand, guaranteeing forty-three to a square yard; that the blocks being shipped from Clinton, Indiana, took only thirty-nine to the square yard and the price would be $22.56 per thousand. The letter was objected to and excluded. A letter from appellant dated October 22, stating it had shipped ninety-six thousand blocks at $22.56 was offered and also excluded on objection.

A number of other letters of appellant were offered containing statements of brick furnished from Clinton at $22.56 per thousand which were also excluded on the theory of the trial court that the excluded correspondence was immaterial unless it were shown appellees consented to the terms of the letter of October 16, in which it was stated the price of the Clinton brick would be $22.56 per thousand instead of $20.46 as fixed by the contract.

Appellees have paid for all brick received at the price fixed in the written contract, $20.46 per thousand, but refused to pay at the rate of $22.56 for the Clinton brick which sum amounted to $1,050 above mentioned.

Appellant contends that there was a modification of the written contract arising from a request on the part of appellees to furnish the Clinton brick instead of the Purington brick and that the Purington brick not being available this furnished a sufficient consideration to support such modified contract. The proposition to supply Clinton brick did not come from appellees. They were demanding brick under the written agreement in which appellant agreed to begin shipping brick when ordered and to continue shipments as fast as possible until the entire shipment was made. No objection was made by appellees to Purington brick. The active obligation rested upon appellant to perform its agreement by sending brick when ordered. It could not perform by shipping Purington brick and it proposed by its letter of October 6 to buy three hundred thousand from its com-

petitors if they could be used under the specifications. Appellees had urgently demanded brick and they answered to rush shipment if appellant could guarantee the blocks equal to Purington. The shipments by appellant of the Clinton brick began October 12.

A request either expressed or implied by appellees to modify the contract by changing from Purington to Clinton bricks does not arise out of this state of facts. The shipment of the Clinton bricks was a shipment of bricks by appellant under and in performance of its written agreement modified only to the extent of substituting Clinton bricks for Purington bricks provided they were equal in quality, and was not a substitution of the manufacturers of the Clinton bricks for the appellant company. It is claimed that accepting the brick after notice that the price would be $2.10 more per thousand than appellees were to pay for the Purington brick, raises an implied promise to pay such additional sum. The law would imply such promise in the absence of the written agreement but with it no such promise can be implied for the reason the bricks were furnished in performance of the agreement which appellant was bound to perform and there was no consideration to support such supposed implied promise. We are of opinion it was immaterial that appellees were notified by the letter of October 16 and frequently thereafter of the price of Clinton bricks.

This did not change the obligation of appellant to furnish bricks at the price fixed in the written agreement. The fact that the Clinton bricks would lay thirty-nine to the yard instead of forty-three was immaterial. By the written agreement it was guaranteed that forty-three bricks would lay a square yard. If it required more appellant would have been liable for the excess but it cannot claim anything under the agreement if a less number than forty-three laid a yard. This would have been so if it had furnished

its own make of bricks and it is equally so where it
furnishes another make under the agreement.

The refusal of the court to hold the propositions of
law asked was in harmony with the views expressed
in this opinion and the ruling was proper.

We find no error in the exclusion of evidence nor in
finding the issues for the appellees. The judgment
will be affirmed.

*Affirmed.*